IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-cr-00511-RPM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRES TORRES,

    Defendant.

---

**ORDER REGARDING
DEFENDANT ANDRES TORRES' MOTION TO QUASH SUBPOENA DUCES
TECUMS (BANK OF AMERICA, NA; COMPASS BANK; FIRST BANK HOLDING
COMPANY A/K/A FIRST BANK OF CHERRY CREEK; THE FIRST BANK OF ADAMS
COUNTY; GUARANTY BANK & TRUST; U.S. BANK NATIONAL ASSOCIATION;
WACHOVIA BANK; WELLS FARGO BANK (DOCKET NO. 373)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter was before the court on August 28, 2009, for hearing on the Defendant Andres Torres' Motion to Quash Subpoena *Duces Tecums* (Bank of America, NA; Compass Bank; First Bank Holding Company a/k/a First Bank of Cherry Creek; the First Bank of Adams County; Guaranty Bank & Trust; U.S. Bank National Association; Wachovia Bank; Wells Fargo Bank) (docket no. 373).  The court has reviewed the subject motion (docket no. 373), the response (docket no. 377), and the reply (docket no. 511).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Criminal Procedure, Federal Rules of Civil Procedure, and case law.  Lastly, the court has considered oral argument by the parties through counsel.  The court now being fully informed makes the following

2

findings of fact, conclusions of law, and order.

In the subject motion (docket no. 373), the Defendant, Andres Torres (hereinafter "Defendant"), seeks an Order from this court quashing the subpoenas *duces tecum* served upon the Bank of America, NA; Compass Bank; First Bank Holding Company a/k/a First Bank of Cherry Creek; the First Bank of Adams County; Guaranty Bank & Trust; U.S. Bank National Association; Wachovia Bank; Wells Fargo Bank by the Plaintiff United States of America (hereinafter "Government"). In support of the subject motion (docket no. 373), Defendant argues (1) that the Government's "civil investigatory efforts" are simply veiled efforts to investigate the Defendant for potential criminal activity and that 28 U.S.C. § 3001 *et seq.* allows the Government to use reasonable efforts to "collect a debt," *see* also 18 U.S.C. § 3664(m)(1)(A)(ii); (2) that the subpoenas *duces tecum* are overbroad and generalized and that the Government's actions are similar to general exploratory search warrants in violation of Defendant's Fourth, Fifth, and Fourteenth Amendment Rights; (3) that the subpoenas *duces tecum* are but harassment and a circuitous effort to investigate the Defendant for wrongdoing rather than an effort to "collect a debt;" and (4) that the restitution debt is not owing to the Government and therefore the Government's use of subpoenas *duces tecum* is improper and that the Government must proceed under 18 U.S.C. § 3613(a), and § 3613(f) paired with conventional civil remedies such as Fed. R. Civ. P. 64 and 69 to collect the restitution debt owed by Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

3

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in December 2002, Defendant pled guilty to two counts of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. § 1957.  See docket nos. 277 and 278;

5. That on March 7, 2003, Senor Judge Richard P. Matsch sentenced Defendant to 72 months to the Bureau of Prisons (BOP) plus three years of Supervised Release and ordered Defendant to pay criminal restitution in the amount of $1,695,529.00 in payments of at least $250.00 per month during the period of Supervised Release.  See docket nos. 305 and 306;

6. That Defendant was released from BOP in May 2008, and he began his period of Supervised Release in May 2008;

7. That Defendant's outstanding criminal restitution balance is $1,686,957.48.  It should be noted that part of the criminal restitution that Senior Judge Matsch ordered is a debt to the Government, namely, to the U.S. Department of Housing and Urban Development in the amount of $234,927.  See Decl. of Patricia McGee-Wake, Exhibit A at ¶ 3 attached to Response

4

(docket no. 377); Judgment and Commitment, Schedule A, Page 1;

8. That on July 31, 2009, and August 3, 2009, the Government applied for writs of garnishment directed to seven banks: First Bank, U.S. Bank, Guaranty Bank & Trust, Wells Fargo Bank, Compass Bank, Bank of America, and Wachovia Bank. Six of the seven banks have already answered the writs of garnishment. See docket nos. 345 to 366, inclusive, and docket nos. 368, 370, 371 and 375;

9. That three of the above banks (U.S. Bank, Wells Fargo, and Wachovia) have confirmed in their garnishment answers that relevant accounts existed but have been closed. Two banks (First Bank and Bank of America) stated in their answers to the writs of garnishment that they had no funds subject to garnishment and then later advised the United States Attorney's Office ("USAO") verbally that relevant accounts existed but were now closed. *See* McGee-Wake Decl. at ¶ 11;

10. That on August 5, 2009, the USAO served subpoenas *duces tecum* on the same seven (7) banks listed above as well as on First Bank of Adams County. Such subpoenas *duces tecum* sought for each of these banks account statement information and signature cards concerning Defendant Torres for accounts held in Defendant Torres' name or over which Torres held signature authority. Two of the subpoenas *duces tecum* requested credit and debit items over

$500. The return date on all of these subpoenas *duces tecum* was August 19, 2009;

11. That on August 17, 2009, Defendant Torres filed his Motion to Quash Subpoena *Duces Tecums* (Bank of America, NA; Compass Bank; First Bank Holding Company a/k/a First Bank of Cherry Creek; the First Bank of Adams County; Guaranty Bank & Trust; U.S. Bank National Association; Wachovia Bank; Wells Fargo Bank) (docket no. 373) prior to the USAO receiving any records from the seven banks listed above as well as from First Bank of Adams County. In this subject motion (docket no. 373), Defendant argues (1) that the Government's "civil investigatory efforts" through subpoenas *duces tecum* is really a "fishing expedition" and a veiled effort to investigate the Defendant for potential criminal activity and that 28 U.S.C. § 3001 *et seq.* allows the Government to use reasonable efforts to "collect a debt" owing to the Government but not to other victims, *see also* 18 U.S.C. § 3664(m)(1)(A)(ii); (2) that the subpoenas *duces tecum* are overbroad and generalized and that the Government's actions are similar to general exploratory search warrants in violation of Defendant's Fourth, Fifth, and Fourteenth Amendment Rights; (3) that the subpoenas *duces tecum* are but harassment and a circuitous effort to investigate the Defendant for wrongdoing rather than an effort to "collect a debt;" and (4) that the restitution debt is not owing to the Government and

6

therefore the Government's use of subpoenas *duces tecum* is improper and that the Government must proceed under 18 U.S.C. § 3613(a) and § 3613(f) paired with conventional civil remedies such as Fed. R. Civ. P. 64 and 69 to collect the restitution debt owed by Defendant;

12. That the United States is responsible for collecting criminal restitution over $100.  See 18 U.S.C. § 3612(c) ("The Attorney General shall be responsible for collection of an unpaid fine or restitution [over $100]");

13. That the United States may enforce criminal restitution judgments using the same practices and procedures as are available for the enforcement of civil judgments.  *See* 18 U.S.C. § 3664(m)(1)(A)(I) ("[a]n order of restitution may be enforced by the United States in the manner provided for [the enforcement of fine] in subchapter C of chapter 227 and subchapter B of chapter 229 of this title"); 18 U.S.C. § 3613(a) (contained in subchapter B of chapter 229) ("[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.");

14. That the United States may use the Federal Debt Collection Procedures Act ("FDCPA") pursuant to 28 U.S.C. §§ 3001 *et seq.* in its collection efforts in this case;

15. That the post-judgment remedies available to the United States

7

under the FDCPA includes execution, garnishment, installment payment orders, and actions to set aside fraudulent transfers.  *See* 28 U.S.C. § 3201 *et seq.*;

16. That the FDCPA also provides that "the United States may have discovery regarding the financial condition of the debtor [i.e., Defendant Torres] in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."  *See* 28 U.S.C. § 3015.  Moreover, Fed. R. Civ. P. 69 allows judgment creditors to use civil discovery to aid in the enforcement of judgments.  "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets."  British International Insurance Co. v. Seguros La Republica, 200 F.R.D. 586, 589 (W.D. Texas 2000);

17. That the bank records that the Government seeks through its Fed. R. Civ. P. 45 subpoenas *duces tecum* is permitted under FDCPA and Fed. R. Civ. P. 69, and such bank records are not privileged and are relevant on the Defendant Torres' ability to pay criminal restitution.  The scope of such subpoenas *duces tecum* back to the 2007-08 time frame to the present is within the relevant time frame, noting that Defendant Torres was sentenced by Senior Judge Matsch in 2003, and Defendant was imprisoned from 2003 to 2008, and further noting that Senior Judge Matsch ordered Defendant Torres to pay **"at least"** $250 per month in criminal restitution

during the term of his supervised release.  Accordingly, such subpoenas *duces tecum* are not overbroad and do not violate Defendant Torres' Fourth, Fifth, and Fourteenth Amendment Rights.  *See* Judgment and Commitment (docket no. 306).  Lastly, Senior Judge Matsch has the authority to adjust the payment schedule or require immediate payment of criminal restitution based upon a change in Defendant Torres' financial condition.  *See* 18 U.S.C. § 3664(k);

18. That Defendant Torres' argument that the USAO's "civil investigatory efforts" are simply veiled efforts to investigate the Defendant for potential criminal activity is without merit, noting that the United States has a statutory duty pursuant to 18 U.S.C. § 3612(c) to collect criminal restitution over $100 and that the criminal restitution ordered by Senior Judge Matsch clearly exceeds $100*.  See* Judgment and Commitment (docket no. 306).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Andres Torres' Motion to Quash Subpoena *Duces Tecums* (Bank of America, NA; Compass Bank; First Bank Holding Company a/k/a First Bank of Cherry Creek; the First Bank of Adams County; Guaranty Bank & Trust; U.S. Bank National

9

Association; Wachovia Bank; Wells Fargo Bank) (docket no. 373) is **DENIED**;

2. That the Government through the United States Attorney's Office ("USAO") shall not open the two mailed responsive documents to the subpoenas *duces tecum* that were mailed to the USAO by two of the banks in question and which are currently in the USAO's possession until after the time for appeal of this Order has expired. If, however, Defendant Torres files an appeal of this Order, then the USAO shall wait for direction by Senior Judge Matsch in his ruling on the appeal; and

3. That each party shall pay their own attorney fees and costs.

Done this 16th day of September 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE